### FRANK QUARLES v. THE STATE.

*No. 1255. Decided March 27th, 1897.*

**1. Appeal—Effect of—Construction of Statute.**

Art. 884, Code Crim. Proc., properly construed, means that, after notice of appeal has been given, and pending the appeal to the Court of Criminal Appeals, the court a quo can take no further steps with reference to the case until this court has finally disposed of such appeal, except, where some portion of the record has been lost or destroyed after the notice of appeal, in which case such portion may be substituted.

**2. Entry of the Recognizance Nunc Pro Tunc After Appeal.**

The entry of a recognizance nunc pro tunc by the trial court after appeal, and at a subsequent term, is without authority of law and void.

**3. Entry Nunc Pro Tunc—Practice—Notice to Parties.**

Before entering a recognizance nunc pro tunc, it is essential that the sureties, who are necessary parties, should be served with notice of the motion, and have been before the court.

. APPEAL from the County Court of Dallas. Tried below before Hon. T. F. NASH, County Judge.

Appeal from a conviction for permitting gaming in a house under defendant's control; penalty, a fine of $25.

The Assistant Attorney-General moved to dismiss the appeal, because there was no legal recognizance in the record. This is the question involved in the appeal, and the facts pertaining to it are sufficiently stated in the opinion.

*Parks & Carden,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for permitting games to be played in a house under his control, in violation of the statute, and appeals. The record does not contain a recognizance, and for this reason motion is made by the Assistant Attorney-General to dismiss the appeal. The judgment in this case was rendered on the 30th of July, 1896. The term of court at which said judgment was rendered adjourned September 5, 1896. Notice of appeal was given during said term. At a subsequent term of said court, on the 22nd day of December, 1896, appellant moved the court to enter a recognizance on the minutes nunc pro tunc, alleging that he had entered into a recognizance during the term of court at which the conviction occurred. Motion to enter this recognizance nunc pro tunc is made in the following language: "Now comes the defendant in the above-entitled cause, and moves the court to order the clerk to enter nunc pro tunc on the minutes of this court the written order hereto annexed, marked 'Exhibit A'; the same being the defendant's recognizance in this case entered into and written out and prepared on the day shown in said writing. [Signed] Parks & Carden, Attorneys for Defendant." Then follows a copy of said recognizance, which shows it to have been entered into on August 8, 1896. As before stated, the notice of appeal was given during the term of court at which the conviction occurred; and the motion to dismiss is made because the record does not disclose a recognizance entered into as required by law, and that it was not entered during the term of court at which the conviction was had. We believe the motion is well taken. After the appeal had been consummated, the trial court had no authority to enter the orders or to take the proceedings until after this court had disposed of said appeal. Article 884 of the present Code of Criminal Procedure provides: "The effect of an appeal is to suspend and arrest all further proceedings in the case in the court in which the conviction was had, until the judgment of the appellate court is received by the court from which the appeal was taken; provided, that if cases where, after notice of appeal has been given, the record, or any portion thereof is lost or destroyed, it may be substituted in the lower court, if said court be then in session; and when so substituted, the transcript may be prepared and sent up as in other cases. In case the court from which the appeal is taken be not then in session, the Court of Appeals shall postpone the consideration of such appeal until the next term of said court from which said appeal was taken, and the said record shall be substituted at said term as in other cases." It would seem from a proper construction of this statute that, pending appeal to this court, the trial court from which said appeal is taken can take no steps with reference to the case until this court has finally disposed of said appeal, except where some portion of that

record has been lost or destroyed, after notice of appeal has been given. As stated in Lewis v. State, 34 Tex. Crim. Rep., 126: "This statute, as we understand it, deprives the trial court of all jurisdiction of the case except for the purpose stated, when the appeal has gone into effect. Whether the rule provided is beneficial is not for us to decide. It is the declared will of the legislative mind, and within the scope of the authority of that body to declare. It puts an end to the time when defective records can be amended pending appeal. This statute furnishes the rule of practice in such cases, and this court will adhere to it." Prior to 1885 the statute provided that "the effect of an appeal is to suspend and arrest all further proceedings in the case in the court in which the conviction was had, until the judgment of the appellate court is received by the court from which the appeal was taken." See, Clark's Crim. Laws, Art. 1669. Under that statute, after the appeal had been consummated, the trial court could take no action whatever in the case, could not amend the record in any manner, and could not even substitute lost or destroyed papers pending the appeal. The attention of the legislature was called to this matter by the Court of Appeals at its Austin term, 1884, in the case of Turner v. State, 16 Tex. Crim. App., 318; and it was there suggested that the law be so changed that the records might be amended to conform to the facts pending the appeal, as well as to substitute lost or destroyed papers. At the following session of the legislature, said Article 884 [849] was amended so as to read as follows: "The effect of an appeal is to suspend and arrest all further proceedings in the case in the court in which the conviction was had until the judgment of the appellate court is received by the court from which said appeal was taken; provided, that in cases where, after notice of appeal has been given, the record or any portion thereof, is lost or destroyed before the transcript is made out and filed in the Court of Appeals, such portion so lost or destroyed may be substituted by the attorney representing the State, in the same manner as is now provided by law in cases of indictments and informations; provided, that substitution may be made either in term time or in vacation; provided, further, that the defendant may also substitute any part of said record under the rules now prescribed for civil cases; provided, also, that defendants may substitute such papers so lost, either in term time or vacation. When lost papers are sought to be substituted in vacation, the opposite party or his counsel, must have five days' notice of the time and place when such substitution will be asked to be made." It will be observed that this law was passed the year following the decision in the Turner case, above cited; and the legislature, with this recent decision before them, refused to amend the law so as to permit the trial court to take any further proceedings in the case, pending appeal, save to authorize the substitution of lost or destroyed portions of the record; and, where the defendant sought to substitute any part of said record, he could do so under the rules prescribed in civil cases. It also provided that this substitution of lost or destroyed portions of the

record might be made in vacation. Under the act of April 1, 1887 (page 94, Acts 1887), this law was again amended by the legislature, and we now have Article 884 of the Code of Criminal Procedure above quoted. In view of the history of the legislation and judicial decisions in this State with reference to this matter, we are of opinion that, after the appeal has been consummated in a given case, no action can be taken in reference to that record pending appeal in this court, except to substitute lost or destroyed records. This was the view taken by this court in the case of Lewis v. State, supra. It seems clearly to be the legislative will and intent that, pending appeal, the trial court cannot take any steps with reference to amending the record, but is limited to the substitution of lost or destroyed portions thereof. The action of the trial court in ordering the entry of the recognizance nunc pro tunc at a subsequent term of the court was without authority, and therefore void so far as this appeal is concerned. The case of Morris v. State, 30 Tex. Crim. App., 96, when understood, is not in conflict with this view. The facts in regard to that case, as shown by the history of the records of this court, are about as follows: Morris prosecuted his appeal to this court at its Galveston term, 1891; and, for want of a judgment entered in the case, his appeal was dismissed. Subsequently the judgment was entered nunc pro tunc in the trial court in the case, and from that judgment he prosecuted his appeal. The court entertained the second appeal, and tried the cause. This action of the court was correct. It has been the universal practice in this State, so far as we are aware, not to entertain appeals in cases where judgments have not been rendered upon the verdict; and it is further the correct practice in such case, after the appeal is dismissed, and judgment being properly entered in the court below, to entertain the appeal from said judgment. There is another matter connected with this judgment nunc pro tunc to which we would call attention. As will be noted from the motion of appellant's counsel, quoted above, the judgment nunc pro tunc was amended on motion of appellant. The sureties on said recognizance were not represented, nor is it shown that any service was had on them of said motion to enter the recognizance nunc pro tunc. Before entering the recognizance nunc pro tunc, all the parties to be affected thereby should have been before the court. Sureties are necessary to a legal and valid recognizance, and in the entry of such recognizance nunc pro tunc, were necessary parties to the proceeding, inasmuch as they were to be affected thereby, and made responsible for whatever judgment this court might render on the appeal. For the reasons indicated, the motion of the Assistant Attorney-General is sustained, and the appeal is dismissed.

*Dismissed.*

HURT, Presiding Judge, absent.

[NOTE.—Appellant's motion for rehearing filed April 10, 1897, was overruled without a written opinion at the Austin branch, May 10, 1897. —Reporter.]

# AUSTIN TERM, 1896.

[Note.—The following cases from the Austin Term, 1896, should have appeared in the 36th volume of the Texas Criminal Reports, but, though ordered to be reported, they were never sent down to the Reporter by the then clerk. The present clerk, finding them in the office, turned them over to the Reporter on the 7th day of December, 1897, and he has been compelled to report them out of their regular order. Some of these cases have already been cited in previously published opinions.]