### J. B. CLAY v. THE STATE.

No. 3986.    Decided April 28, 1909.

Rehearing Denied June 19, 1909.

**1.—Theft—Notice of Appeal—Judge's Docket—Record—Practice on Appeal.**

Where upon appeal from a conviction of a misdemeanor theft, the trial judge's docket contained a memorandum that the appellant had made a motion for a new trial; that the same was overruled and that he gave notice of appeal, but the same was not entered of record as required by article 883, Code Criminal Procedure, the appeal will be dismissed for want of proper notice of appeal.

**2.—Same—Order of Court—Nunc Pro Tunc.**

The order overruling a motion for new trial, and giving notice of appeal can not be entered nunc pro tunc. Following Quarles v. State, 37 Texas Crim. Rep., 362.

Appeal from the County Court of Milam. Tried below before the Hon. John Watson.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $50 and five days confinement in the county jail.

The opinion states the case.

*R. Lyles,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of theft and his punishment assessed at a fine of $50 and five days in jail.

We find no notice of appeal in this record, nor is there any judgment passing upon the motion for new trial. This being true, this court has no jurisdiction of the case and the appeal is hereby dismissed.

*Dismissed.*

### ON REHEARING.

#### June 19, 1909.

BROOKS, Judge.—This case was dismissed at a previous sitting of this term of the court on the ground that no notice of appeal was embodied in the record, nor was there any judgment passing upon the motion for new trial.

Appellant has filed a motion for rehearing setting up certified copy of the memorandum upon the judge's docket, which memorandum on the docket shows that the motion for new trial was overruled, defendant excepted, gave notice of appeal to the Court of Criminal Appeals of Texas, and was given twenty days in which to file bills of exceptions and statement of facts, but this was not entered upon the record. Article 883, of the Code of Criminal Procedure, provides that an appeal is taken by giving notice thereof in open court and having the same entered of record. See also the decisions cited under said article in White's Code of Criminal Procedure. Nor can these orders be entered nunc pro tunc. See Quarles v. State, 37 Texas Crim. Rep., 362. This being the condition of the record, the motion for rehearing is overruled.

*Overruled.*