B. W. ACUFF v. THE STATE.

No. 7788. Decided June 13, 1923.

Rehearing denied June 25, 1924.

1.—Theft—Bills of Exception—Extending Time—Filing.

Where an order extending the time for filing bills of exception carries the filing date beyond the duration of the trial term or beyond the thirty days allowed by statute, an order granting further time must be made within the period of the first extension and where this was not done, the bills of exception cannot be considered. Following: Griffin v. State, 59 Texas Crim. Rep., 424, and other cases.

**2.—Same—Ownership—No Variance.**

Where the ownership was alleged to be in Miller and some question was raised in the evidence as to the true owner of the stolen property and also as to whether Miller was in actual care, control, and management thereof at the time of the theft, and the evidence showed that he was in such possession, etc., there is no reversible error.

**3.—Same—Rehearing—Practice on Appeal—Affidavits.**

This court after having carefully considered the affidavit appended to and made a part of the motion for rehearing, cannot agree to the proposition that the failure to file the bills of exception within the time required by law did not result from negligence of the appellant, and the motion must be overruled.

**4.—Same—Rehearing—Second Motion for Rehearing—Judgment Nunc pro Tunc.**

Where appellant filed a request for permission to present a second motion for rehearing, attached to which is a copy of a motion filed in the lower court to enter a judgment *nunc pro tunc*, amending and correcting the date of the order, extending the time for filing bills of exception and statement of facts, and a copy of said judgment, *held*, that said judgment is unavailable to aid appellant in securing consideration of his bills of exception, and the request to file a second motion for rehearing is denied.

Appeal from the District Court of Wichita. Tried below before the Honorable P. A. Martin.

Appeal from a conviction of theft over the value of fifty dollars; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*T. F. Hunter & E. E. Fisher*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was charged with theft of eighty joints of pipe valued at six hundred dollars. His conviction resulted with punishment assessed at three years in the penitentiary.

We find in the record many bills of exception, but none were filed within such time as entitle them to consideration. The trial term of court adjourned December 30, 1922. On that day motion for new trial was overruled, and sixty days after adjournment granted in which to file bills of exception. The sixty days expired on February 28, 1923. An application for extension of time was filed March 20th, and on March 24th an order was made granting thirty days in addition to the sixty already allowed. Where an order extending the time for filing bills of exception carries the filing date beyond the duration of the trial term, or beyond the 30 days allowed by statute, an order granting further time must be made within the period of the first extension. This has been the uniform holding of this court. Griffin v. State, 59 Texas Crim Rep., 424; Sanders v. State, 60 Texas

Crim. Rep., 34; Palmer v. State, 92 Texas Crim. Rep., 640, 245 S. W. Rep., 238; Jones v. State, (No. 7660, opinion April 18th, 1923); 95 Texas Crim. Rep., 574.·

The pipe alleged to have been stolen was originally the property of the "New Tex Pipe Line Co." Ben G. O'Neal was appointed receiver for said company, and under an order of court sold the property of said company to one I. W. Keys, as trustee or agent, and at the direction of Keys, the possession of the property was placed in Will F. Davis, and Davis in turn placed W. E. Miller in charge of it on November 14th, 1921. The theft is alleged to have occurred on November 17th, and the ownership of the property, in the first count in the indictment (being the only one submitted), was alleged to be in Miller. Some question is raised in the evidence as to the true owner of the stolen pipe, and also as to whether Miller was in actual care, control and management thereof at the time of the theft. The first question is immaterial. The evidence authorized the finding that Miller was the party in possession, and the owner in contemplation of the theft statute. There is no question but that appellant took the pipe and was having it taken up and hauled away. He defended on the ground that he had purchased the pipe from one Scott or Scoot, and the State placed in evidence the purported bill of sale from Scott to appellant, and at his request the court instructed the jury that the state having introduced it was bound thereby unless the statements therein had been shown to be untrue by the evidence. The jury were warranted in finding upon this issue in favor of the State. The evidence being sufficient to support the judgment, it is affirmed.

*Affirmed.*

ON REHEARING.

April 16, 1924.

LATTIMORE, JUDGE.—We have carefully considered the affidavits appended to and made a part of the motion for rehearing on behalf of appellant and regret that we cannot agree to the proposition that the failure to file the bills of exception within the time required by law does not result from negligence of appellant. It is admitted that the bills of exception herein were placed in the hands of the assistant district attorney after the trial, but the date is not fixed. It is also shown that the district attorney's office was called upon a number of times thereafter and the bills of exception had not been O. K'd. It is also stated that the bills were finally obtained from the district attorney's office about the time of the expiration of the sixty days granted appellant in which to file bills of exception, and that same were turned over to the trial judge who was engaged in a trial and who informed counsel that he would examine said documents when

he was through. No reason or excuse is stated why proper and appropriate extensions of time were not then asked and entered. The sixty days allowed by the court for such filing, as stated in the original opinion, expired on February 28, 1923. Additional time might readily have been obtained by asking for an extension prior to February 28th. There appears nothing in the record justifying appellant in waiting until March 20th, more than three weeks after the expiration of the sixty-day period, to make and present to the court an application for such extension. The bills of exception were in fact filed on March 26th, practically a month after the expiration of the sixty day period granted by the court. Had application been made for a thirty day extension within the time originally fixed by the court, this would have included the date on which the bills of exception were in fact filed. This court must give effect to established rules and statutes. The bills of exception not having been filed within the time granted, and no application for an extension appearing in the record until three weeks after the expiration of the time originally granted, we are compelled to hold that diligence in filing such bills is not shown and to affirm the correctness of the original disposition made of the case.

The motion for rehearing will be overruled.

*Overruled.*

ON REHEARING.

June 25, 1924.

HAWKINS, Judge.—Appellant now files a request for permission to present a second motion for rehearing attached to which is a copy of a motion filed in the lower court to enter a judgment nunc pro tunc amending and correcting the date of the order extending the time for filing bills of exception and statement of facts, also a copy of the nunc pro tunc judgment attempting to make the correction. If this judgment may be considered it shows the second extension was verbally granted by the trial judge within the period of the first extension. No order to that effect appears to have been entered on the court docket or minutes at the time. When the order for the second extension was entered in the minutes of the court it bore date March 24, it being contended that it should have borne date February 23, at which time it is claimed the verbal extension was granted. The nunc pro tunc order was intended to and does change the date of such second extension from March 24th to February 23d. Did the lower court have authority to enter the judgment nunc pro tunc? On December 30th, 1922 appellant's motion for new trial was overruled, and notice of appeal to this court given; the trial court adjourned the same day. Jurisdiction of this court then attached. The mo-

tion for judgment nunc pro tunc was not filed in the lower court until April 28, 1924, and judgment entered the same day while the appeal was pending here. The effect of an appeal is to suspend and arrest all further proceedings in the case in the court in which the conviction was had pending the appeal save only the right in the lower court to substitute lost or destroyed records. Art. 916, C. C. P. The following cases construe said statute, and are direct authority against the power of the court to enter the judgment nunc pro tunc while the case was pending here. Estes v. State, 38 Texas Crim. Rep., 506, 43 S. W., 982; Nichols v. State, 55 Texas Crim. Rep., 211, 115 S. W., 1196; Hinman v. State, 54 Texas Crim. Rep., 434, 113 S. W. 280; Quarles v. State, 37 Texas Crim. Rep., 362, 39 S. W. 668; Sheegog v. State, 39 Texas Crim. Rep., 126. As supporting the proposition that the court had authority to enter the judgment nunc pro tunc we are cited to Bennett v. State, 80 Texas Crim. Rep., 652, 194 S. W. 145, and Coleman v. Zapp, (Texas Sup. Ct.) 151 S. W. 1040. Neither are in point. No order made in the lower court pending appeal was involved. Bennett had appealed his case but the appeal had been dismissed; after jurisdiction was restored to the lower court by the dismissal of the appeal an order was made at a subsequent term of the lower court correcting the judgment, and the state contested defendant's right to appeal from the amended judgment In Coleman v. Zapp (supra) the question involved was the inherent right of the court to correct a judgment by a nunc pro tunc order at a subsequent term of the court. No appeal was pending when the correction order was made.

The nunc pro tunc judgment being unavailable to aid appellant in securing consideration of his bills of exception the request for leave to file a second motion for rehearing is denied.

*Overruled.*

[Delivered June 25, 1924.]