ALLEN HIME v. THE STATE.

No. 13462. Delivered October 8, 1930.
Reported in 32 S. W. (2d) 834.

The opinion states the case.

*R. R. Smith* and *H. D. Barrow* both of Jourdanton, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for receiving and concealing stolen property less than the value of fifty dollars and more than five dollars, punishment being assessed at confinement in the county jail for ten days.

The trial term of court adjourned on the 24th day of August, 1929. On this date appellant's amended motion for new trial was overruled and notice of appeal duly entered. On the 18th day of February, 1930,—long after the adjournment of the trial term—appellant filed in the trial court a motion setting up that appellant had entered into recognizance before adjournment of the term at which he was tried, but that same was never entered in the court minutes, and praying the court to enter an order directing such entry nunc pro tunc. On February 22, 1930, this motion was denied.

The record in this cause was filed in this court on March 30th, 1930, and submitted on June 11th, 1930, on which latter date appellant filed a paper which is endorsed "Application for Writ of Certiorari," but which in fact is in effect a request for a writ of mandamus to compel the trial court to enter said recognizance on the trial court's minutes. Under the provisions of Arts. 827 and 828 C. C. P. the trial court had no authority after notice of appeal has been given to enter the nunc pro tunc order regarding the recognizance. Many of the authorities were reviewed in Davis v. State, 28 S. W. (2d) 794, and the appropriateness of additional legislation on the subject was again called to the attention of the Legislature. We especially cite Quarles v. State, 37 Tex. Cr. R. 362, 39 S. W. 668; Turner v. State, 16 Tex. Ct. App. 319. Under the statute and authorities this court has no power to enter the order prayed for.

If appellant has been held in custody because of the failure of the clerk to enter the recognizance upon the minutes he could have relieved himself therefrom by giving an appeal bond after the adjournment of the court as provided in Art. 818, C. C. P.

The record contains neither statement of facts nor bills of exception. In such condition nothing so far as the merits of the case are concerned is presented to this court for review.

The judgment is affirmed.

*Affirmed.*