the purpose of sale, and as so reformed will be affirmed.

Reformed and affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

HAWKINS, J., absent.

## EDESON v. STATE.
No. 13709.

Court of Criminal Appeals of Texas.
Nov. 19, 1930.

J. W. Ellington, of Center, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for burglary; punishment, two years in the penitentiary.

The state's attorney with this court has filed a brief in which he confesses the insufficiency of the testimony to support the judgment of conviction. We have nevertheless carefully examined the facts, and are of opinion that the conclusion reached by said state's attorney is sound.

The house alleged to have been broken and entered was shown to have been in fact burglarized, and the same is true apparently of a number of houses in the same town at or about the same time. No witness testified to seeing appellant in or around the house, or that he was connected with any of said burglaries, nor was he ever seen in possession of or connected with the possession of any of the alleged stolen property. The fact that he may have been seen at some time or place with one of the parties supposed to have been implicated in the burglary, and that he may have discussed with one or two other parties the proposition of selling them goods similar to those taken from the alleged burglarized house, might be suspicious circumstances, but we do not think same cogent enough to justify the conclusion in a case of circumstantial evidence that appellant either alone or acting with other persons was engaged in the burglary. Apparently the day after the burglaries a considerable quantity of goods taken from said burglarized stores were found in the woods covered with leaves and branches of trees, etc. The officers secreted themselves and watched the goods and were rewarded by seeing four men coming to the place apparently for the purpose of removing said goods. Appellant was not one of these four men. It would appear reasonably probable that one or all of these men who came to the place where the goods were secreted for the purpose apparently of taking them into their possession were those who committed the burglary. In a case of circumstantial evidence, the law requires the test of exclusion, and that the jury believe beyond a reasonable doubt that the burglary was not committed solely by other people, but that it must have been committed by the appellant.

Because we believe the testimony insufficient, the judgment will be reversed, and the cause remanded.

HAWKINS, J., absent.

## HIME v. STATE.
No. 13462.

Court of Criminal Appeals of Texas.
Oct. 8, 1930.

Rehearing Denied Dec. 10, 1930.

R. R. Smith and H. D. Barrow, both of Jourdanton, for appellant.

A. A. Dawson, State's Atty., of Canton, for the State.

### HAWKINS, J.

Conviction is for receiving and concealing stolen property less than the value of $50 and more than $5; punishment being assessed at confinement in the county jail for ten days.

The trial term of court adjourned on the 24th day of August, 1929. On this date appellant's amended motion for new trial was overruled and notice of appeal duly entered. On the 18th day of February, 1930, long after the adjournment of the trial term, appellant filed in the trial court a motion setting up that appellant had entered into recognizance before adjournment of the term at which he was tried, but that same was never entered in the court minutes, and praying the court to enter an order directing such entry nunc pro tunc. On February 22, 1930, this motion was denied.

The record in this cause was filed in this court on March 30, 1930, and submitted on June 11, 1930, on which latter date appellant filed a paper which is indorsed "Application for Writ of Certiorari," but which in fact is in effect a request for a writ of mandamus to compel the trial court to enter said recognizance on the trial court's minutes. Under the provisions of articles 827 and 828, C. C. P., the trial court had no authority after notice of appeal has been given to enter the nunc pro tunc order regarding the recognizance. Many of the authorities were reviewed in Davis v. State (Tex. Cr. App.) 28 S.W.(2d) 794, and the appropriateness of additional legislation on the subject was again called to the attention of the Legislature. We especially cite Quarles v. State, 37 Tex. Cr. R. 362, 39 S. W. 668; Turner v. State, 16 Tex. App. 319. Under the statute and authorities, this court has no power to enter the order prayed for.

If appellant has been held in custody because of the failure of the clerk to enter the recognizance upon the minutes, he could have relieved himself therefrom by giving an appeal bond after the adjournment of the court as provided in article 818, C. C. P.

The record contains neither statement of facts nor bills of exception. In such condition nothing so far as the merits of the case are concerned is presented to this court for review.

The judgment is affirmed.