LINSEY MURPHY V. THE STATE.

No. 19113.   Delivered June 16, 1937.
Rehearing Denied November 3, 1937.

The opinion states the case.

*Bond & Porter,* of Terrell, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for five years.

The testimony on the part of the State was, in substance, as follows: L. V. Day, the injured party, appellant, and others had

engaged in a dice game. Day won a dollar and left the game. Later appellant met him near a cafe and said to him: "Give me that money." At the same time he grabbed Day and stuck a knife in his eye. Day then told one Hamilton to get his money out of his pocket and hand it to appellant. Complying with his request, Hamilton got ten dollars from Day and handed it to appellant. Day parted with his money because he was afraid appellant would kill him.

Day testified, in part, as follows: "On this day when we were shooting craps in there I was using some straight old fifteen cent dice. I don't know who those dice belonged to. I did not have any crooked dice. I did not win this man's money with crooked dice, and that is not the reason he wanted his money back. He did not tell me in the conversation that was why he wanted his money back." Further, he testified: "I said I won one dollar in that game." Again, we quote from his testimony: "The ten dollars that Linsey (appellant) got from me was not his own money that I gave him back."

Appellant testified that by using "crooked dice" Day won twenty-six dollars from him; that when he discovered that Day had not played a straight game he went to the cafe and asked him for his money; that Day ran his hand in his shirt as if to draw a pistol; that believing his life was in danger, he cut Day with a knife; that Day then gave him a ten dollar bill. Appellant said: "That was the same ten dollar bill I had had."

It is appellant's contention that the evidence is insufficient to support a conviction for robbery. In Blain v. State, 31 S. W., 368, this court held that when one playing at a gambling house loses his money under the rules of the game and surrenders it to his adversary, he may be guilty of robbery when he regains it by force. However, where one is induced to part with his money, not according to the rules of the game, but by reason of the fraudulent practice of his adversary in using marked cards or crooked dice, he is not guilty of robbery in regaining possession of his property. Fisher v. State, 277 S. W., 386. The court instructed the jury to acquit appellant if they entertained a reasonable doubt as to whether Day had gotten possession of his money by the use of crooked dice. The State's testimony warranted the conclusion that the game had been played according to the rules and that Day was not guilty of any fraudulent practice. Again, according to the version of the State, appellant took ten dollars from the possession of Day notwithstanding Day had won but one dollar. We are of opinion that the evidence is sufficient.

The term of court at which appellant was convicted adjourned February 27, 1937. No order was entered extending the time for filing bills of exception. The bills of exception were filed April 23, 1937, which was 55 days after the date of adjournment. This was too late, as without an order of extension appellant had 30 days from the day of adjournment of court in which to file said bills. Art. 760, C. C. P.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant undertakes to correct the record and predicates his motion for rehearing largely upon bills of exception which he assumes will now be considered.

The trial judge made an order extending the time for filing statement of facts but omitted any reference to bills of exception.

After the judgment of affirmance but while this court still had jurisdiction of the case the trial court undertook to enter a judgment nunc pro tunc which extended the time for filing bills of exception. Art. 828, C. C. P., restricts the action of the trial court to substituting lost records after notice of appeal has been entered. See Davis v. State, 120 Texas Crim. Rep., 114, 28 S. W. (2d) 794; Acuff v. State, 98 Texas Crim. Rep., 71, 260 S. W., 572; Allen v. State, 124 Texas Crim. Rep., 642, 65 S. W. (2d) 311. The trial court was without authority to enter the nunc pro tunc order.

The indictment charged that the robbery of Day was accomplished by assault and violence. Appellant contends that the evidence shows that it was accomplished through fear and therefore the State's case as alleged fails. We think Day's testimony completely answers the contention. He testified:

"I went to the cafe to pay an eating bill I owed there and I came back out to get in my car and as I stepped outside of the door Lindsey was out there and he called me and I went to turn and as I went to turn he hit me and said, 'Give me that money,' and about that time he stuck me in the eye with a knife and got ten dollars and said, 'If you have me arrested, you son-of-a-bitch, I will kill you.' He hit me right along there and cut me right in the eye. I cannot see out of that left eye at all—I do

not have any left eye at all.   That is the eye he cut me in and he was holding me when he cut me.   He got ten dollars from me and I let him have it in trying to keep him from killing me. I did not give him the money myself but Belton Hamilton run his hand in my pocket and got it out and gave it to him.   I told Hamilton to do that and the reason I told him to do that was that I was scared Lindsey would kill me. That was after he had hit me and cut my eye ball out.   Soon after that he said, 'You son-of-a-bitch, have me arrested and I will kill you.' "

The motion for rehearing is overruled.

*Overruled.*