CAL DAVIS V. STATE.

No. 25193. March 14, 1951.
Rehearing Denied April 18, 1951.
Second Motion for Rehearing Denied May 9, 1951.

Hon. Henry S. Bishop, Judge Presiding.

*McCarthy, Snodgrass, Aikman & Haynes,* (By *George S. MCarthy,* of Counsel) Amarillo, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was assessed a fine of $500.00 and four months in jail for a violation of the gambling law described in Article 652-a, Vernon's Ann. P. C.

The attack first made is on the indictment, charging that it was duplicitous and joins in the same count four separate offenses in that he placed bets upon four different football games. Nevertheless, the indictment describes but one offense. See Simmons v. State, 135 Tex. Cr. R. 425, 120 S.W. 2d 1061; and Odle v. State, 139 Texas Crim. Rep. 288, 139 S.W. 2d 595.

The facts disclose that a reporter for an Amarillo newspaper was assigned by his employer to go to the Roosevelt Bar and secure a picture, ostensibly for news service. His purpose and instructions went further, however, and may be considered an

investigation of the gambling activities of the appellant, who was the keeper of the bar. From an employee at the bar the reporter secured a "parley card." One side of this card reads as follows:

## "(STATE'S EXHIBIT NO. ONE)

### No. 371303

 3 Teams _____ 5 Points
 4 Teams _____ 10 Points
 5 Teams _____ 15 Points
 6 Teams _____ 25 Points
 7 Teams _____ 40 Points
 8 Teams _____ 60 Points
 9 Teams _____ 90 Points
10 Teams _____ 150 Points

"9 OUT OF 10 _____ 20 POINTS

— — — — — — — — — — — — — — — —

Encircle the Teams You Select — All of
Which Must Win — Tie Loses

SINCE 1935

'THE ORIGINAL'

RED AND GOLD

WEEKLY

FOOTBALL

SCHEDULES"

— — — — — — — — — — — — — — — —

On the reverse side is the following:

"CIRCLE TEAMS CLEARLY    GAMES MUST BE PLAYED

SATURDAY, SEPTEMBER 24, 1949

| 1 | Wm. & Mary | 2 | Pittsburgh | Even |
|---|------------|---|------------|------|
| 3 | U. C. L. A. | 4 | Iowa | Even |

| 5 | Oregon St. | 6 | Utah | Even | |
|---|---|---|---|---|---|
| 7 | Penn St. | 8 | Villanova | (Plus) | 6 |
| 9 | (Kansas) | 10 | Colorado | ” | 7 |
| 11 | Rice | 12 | Clemson | ” | 7 |
| 13 | Vanderbilt | 14 | Geo. Tech. | ” | 7 |
| 15 | Kentucky | 16 | L. S. U. | ” | 7 |
| 17 | Tex. A. & M. | 18 | Tex. Tech. | ” | 7 |
| 19 | Tulane | 20 | Alabama | ” | 10 |
| 21 | Northwestern | 22 | Purdue | ” | 12 |
| 23 | Holy Cross | 24 | Georgetown | ” | 13 |
| 25 | Wisconsin | 26 | Marquette | ” | 13 |
| 27 | Michigan | 28 | (Mich. State) | ” | 13 |
| 29 | North Car. | 30 | No. Car. St. | ” | 13 |
| 31 | T. C. U. | 32 | (Okla. A & M.) | ” | 13 |
| 33 | S. M. U. | 34 | Wake Forest | ” | 13 |
| 35 | Virginia | 36 | Geo. Wash. | ” | 13 |
| 37 | Stanford | 38 | Harvard | ” | 14 |
| 39 | So. Cal. | 40 | Navy | ” | 14 |
| 41 | Ohio State | 42 | Missouri | ” | 14 |
| 43 | Minnesota | 44 | Washington | ” | 20 |
| 45 | Baylor | 46 | (S. Carolina) | ” | 20 |
| 47 | Tennessee | 48 | Miss St. | ” | 20 |
| 49 | Oregon | 50 | Idaho | ” | 20 |
| 51 | California | 52 | St. Mary's | ” | 21 |
| 53 | Illinois | 54 | Iowa State | ” | 27 |
| 55 | Notre Dame | 56 | Indiana | ” | 27 |
| 57 | Texas | 58 | Temple | ” | 33 |

— — — — — — — — —

(The names enclosed in parentheses in above
Exhibit indicate those teams encircled by
pencil on the original card Exhibit.)"

To the numbered card was attached a stub with corresponding number. The reporter carried the card to the office of the newspaper, marked four names in accordance with instructions, he then delivered the card to appellant stating: "I would like to place a bet on the football parley." He tendered a dollar which was accepted by appellant, together with the card. Appellant tore the stub from the card and returned a portion to the witness.

In our opinion this was a completed bet, as shown by the foregoing evidence, regardless of the procedure which was to follow. The witness understood that he would receive $10.00

in the event he had correctly placed his bet on the four names. The appellant did not testify and made no denial of any fact which the witness stated, nor did he refute the implication testified to by the witness. The contention is here made by appellant that the evidence is insufficient to support the conviction in 'that it fails to show that a bet was made. We do not agree with this contention. For a discussion of the meaning of the terms "bet" and "wager", in such case, see Odle v. State, 139 Tex. Crim. Rep. 288, 139 S.W. 2d 595.

In the absence of any contradiction of the understanding which the witness testified they had, we are of the opinion that the offense is sufficiently shown and the judgment of the trial court is accordingly affirmed.

## ON MOTION FOR REHEARING.

WOODLEY, Judge.

The several bills of exception were filed in the trial court more than 30 days after the notice of appeal, and no order extending the time for their filing had been entered in the record when this case was before us on original submission.

It appears that the trial judge, at the time of overruling appellant's motion for new trial, noted on his docket that 90 days was allowed for filing bills of exception, but such extension of time was not shown in the blank space provided for such an extension in the order overruling appellant's motion for new trial nor elsewhere in the minutes of the court.

It appears that since the original submission of this appeal, by order of the trial judge, there has been entered in the minutes of the court an order nunc pro tunc overruling appellant's motion for new trial, containing his notice of appeal, and now containing an order of the trial judge granting 90 days to prepare and file his bills of exception.

The order extending the time for filing bills of exception must be entered of record, a notation on the docket granting additional time being insufficient. See Art. 760, Sec. 5, Vernon's Ann. C.C.P.; Ayala v. State, 152 Tex. Cr. R. 416, 214 S.W. 2d 634.

And we are not permitted to consider the order entered nunc pro tunc, the trial judge having no authority to enter any such

order while the case is pending in this court on appeal. See Murphy v. State, 133 Tex. Cr. R. 189, 109 S.W. 2d 488; Ayala v. State, supra.

We remain convinced that the appeal was properly disposed of on original submission.

Appellant's motion for rehearing is overruled.

Opinion approved by the court.

### ON SECOND MOTION FOR REHEARING.

WOODLEY, Judge.

Appellant shows that the order of the trial judge overruling his motion for new trial and granting him 90 days for the filing of bills of exception was delivered to the clerk for entry and by clerical error the entry on the minutes omitted the figure "90."

It is further shown that the original instrument handed to the clerk has been lost or destroyed.

Appellant further shows that the failure to enter such extension of time was without fault of himself or his attorney.

Under the authority of Davis v. State, 120 Tex. Cr. R. 114, 28 S.W. 2d 794, and George v. State, 25 Tex. App. 229, 8 S.W. 25, we will consider the bills of exception.

Bill of Exception No. 2 complains of the overruling of appellant's motion to pass his case until another jury week because of certain remarks of the trial judge which were alleged to be critical of appellant and his counsel.

This bill merely shows that a motion was filed wherein such allegations were made. The bill is deficient in that it does not show that in fact any such remarks were made.

Bill of Exception No. 3 relates to the testimony by the witness Al Dewlen as to his conversation with a girl behind the counter at the Roosevelt Bar, while appellant stood at her side, regarding the placing of a bet, the girl accepting the card containing his selections and his $2.00 which she put in the cash register, and the witness receiving the stub from the card, the witness Dewlen having gotten the card prior to September 24,

1949, at the Roosevelt Bar but did not then see appellant; and at the time the witness paid the money to the girl, appellant had a stack of stubs from other cards such as that given to the witness.

Bill of Exception No. 3 is multifarious. It is clear that at least a part of the testimony complained of in this bill was admissible such as testimony that appellant was behind the bar at the cash register counting a stack of parlay card stubs which he had in his hands. No reversible error is shown by this bill. See Cagle v. State, 147 Tex. Cr. R. 354, 180 S.W. 2d 928.

Bill of Exception No. 8 complains of the introduction of the 'stub referred to in Bill of Exception No. 3. This exhibit and the above mentioned testimony in connection therewith were admissible as a circumstance to show that appellant had knowledge of and was a party to the system of accepting bets on such parlay cards at the Roosevelt Bar.

Bill of Exception No. 4 shows an objection to a question propounded to the state witness Davis was sustained, and appellant excepted. This bill fails to show what answer would have been given and is therefore insufficient to present error. See Huff v. State, 145 Tex. Cr. R. 82, 165 S.W. 2d 717.

Bill of Exception No. 5 relates to a series of questions and answers and various remarks of the court in connection with the cross-examination of the witness Ross Davis. The bill complains of "comments of the court and testimony of the witness." It is therefore multifarious and cannot be considered.

Bill of Exception No. 6 complains of the testimony of Ross Davis relating to his visit to the Roosevelt Bar to pick up the selection card and his being directed to where the cards were by someone at the bar, the appellant not being present. This was res gestae as to a part of the transaction and was admissible.

Bill of Exception No. 7 complains that the trial judge, in ruling upon the admissibility of the testimony mentioned in Bill No. 6, remarked "Well, I think that whoever was there, if they seemed to be employees in the place, that whatever was said would be admissible about those cards."

We agree with the trial court that such testimony was admissible and see no harm to appellant shown in this bill

Bills of Exception 9, 10, 11 and 12 relate to the court's charge and no error is observed which calls for a reversal.

We remain convinced that the indictment is sufficient and that the evidence supports the conviction.

Appellant's second motion for rehearing is overruled.

Opinion approved by the court.