HENRY NICHOLS v. THE STATE.

No. 4375. Decided January 27, 1909.

**1.—Carrying Pistol—Practice on Appeal—Statement of Facts.**

The Act of the Thirtieth Legislature, page 509, does not authorize the filing of statements of facts after adjournment of the term in the county court; but it is confined alone to cases tried in the district court.

**2.—Same—Practice in the County Court.**

Statements of fact and bills of exception cannot be filed at a succeeding term of the county court, after notice of appeal has been given to the Court of Criminal Appeals.

**3.—Same—Statutes Construed—Jurisdiction.**

Under article 884, Code Criminal Procedure, the trial court from which appeal has been taken can take no steps with reference to the case until the Court of Criminal Appeals has finally disposed of said appeal, except where some portion of the record has been lost or destroyed after notice of appeal has

been given. Following Quarles v. State, 37 Texas Crim. Rep., 362; Lewis v. State, 34 Texas Crim. Rep., 126.

Appeal from the County Court of Fannin. Tried below before the Hon. H. A. Cunningham.

Appeal from a conviction of unlawfully carrying a pistol; penalty, thirty days confinement in the county jail.

The opinion states the case.

*S. F. Leslie,* for appellant.

*F. J. McCord,* Assistant Attorney-General. for the State.

RAMSEY, JUDGE.—Appellant was convicted in the County Court of Fannin County on a charge of unlawfully carrying a pistol on and about his person, and his punishment assessed at thirty days confinement in the county jail.

The record discloses the fact that court adjourned on May 2, 1908. The statement of facts and bills of exception were filed May 16, 1908. There was no order entered at the term at which appellant was convicted granting twenty days within which to file statement of facts and bills of exception. An inspection of the Act of the Thirtieth Legislature, p. 509, will disclose that the rule authorizing statements of fact to be filed within thirty days after the adjournment of the term does not apply to cases tried in the County Court; but seems to be confined alone to cases tried in the District Court. A statement of facts and bills of exception were filed under the direction of the court, and entered at the succeeding term. This order recites: "The court, after hearing the motion and examining the record, finds that the minutes of said court of the April term failed to show that the defendant was granted twenty days after adjournment to file statement of facts and assignment of errors, and now makes said order allowing said defendant twenty days from and after the adjournment of the April term of said court to file his statement of facts, assignment of errors and bills of exceptions." It is doubtful whether in any event under this order of the court, a statement of facts could be filed. However, it has been held (Quarles v. State, 37 Texas Crim. Rep., 362), that article 884, Code Criminal Procedure, properly construed, means that, after notice of appeal has been given, and pending the appeal to the Court of Criminal Appeals, the court a quo can take no further steps with reference to the case until this court has finally disposed of such appeal, except, where some portion of the record has been lost or destroyed after the notice of appeal, in which case such portion may be supplied. This article is as follows: "The effect of an appeal is to suspend and arrest all further proceedings in the case in court in which the conviction was had, until the judgment of the Appellate Court is received by the court from which the appeal was taken; provided, that in cases where after notice of

appeal has been given, the record, or any portion thereof is lost or destroyed, it may be substituted in the lower court, if said court be then in session; and when so substituted, the transcript may be prepared and sent up as in other cases. In case the court from which the appeal is taken be not then in session, the Court of Appeals shall postpone the consideration of such appeal until the next term of said court from which said appeal was taken, and the said record shall be substituted at said term as in other cases." Basing their decision upon this article, the court in the case above referred to, say: "It would seem from a proper construction of this statute that, pending appeal to this court, the trial court from which said appeal is taken can take no steps with reference to the case until this court has finally disposed of said appeal, except where some portion of that record has been lost or destroyed after notice of appeal has been given." Again, it was stated and held in the case of Lewis v. State, 34 Texas Crim. Rep., 126: "This statute, as we understand it, deprives the trial court of all jurisdiction of the case except for the purpose stated, when the appeal has gone into effect. Whether the rule provided is beneficial is not for us to decide. It is the declared will of the legislative mind, and within the scope of the authority of that body to declare. It puts an end to the time when defective records can be amended pending appeal. This statute furnishes the rule of practice in such cases, and this court will adhere to it."

Since we can not, as we believe, consider the statement of facts or bills of exception, there is no ground on which the judgment of conviction can be assailed, and it is therefore hereby in all things affirmed.

*Affirmed.*