## ACUFF v. STATE. (No. 7788.)

(Court of Criminal Appeals of Texas. June 25, 1924.)

Criminal law ⚖➡1083—Bills of exception based on judgment nunc pro tunc entered after appellate jurisdiction attached not considered.

Where a motion for a new trial was overruled and notice of appeal was given, the jurisdiction of the appellate court attached, and under Code Cr. Proc. art. 916, the lower court had no authority to enter a judgment nunc pro tunc, and bills of exception based on an extension of time for filing granted therein cannot be considered.

On request to file second motion for rehearing. Denied.

For former opinion, see 260 S. W. 572.

HAWKINS, J. Appellant now files a request for permission to present a second motion for rehearing, attached to which is a copy of a motion filed in the lower court to enter a judgment nunc pro tunc amending and correcting the date of the order extending the time for filing bills of exception and statement of facts, also a copy of the nunc pro tunc judgment attempting to make the correction. If this judgment may be considered, it shows the second extension was verbally granted by the trial judge within the period of the first extension. No order to that effect appears to have been entered on the court docket or minutes at the time. When the order for the second extension was entered in the minutes of the court, it bore date March 24th, it being contended that it should have borne date February 23d, at which time it is claimed the verbal extension was granted. The nunc pro tunc order was intended to and does change the date of such second extension from March 24th to February 23d. Did the lower court have authority to enter the judgment nunc pro tunc?

On December 30, 1922, appellant's motion for new trial was overruled, and notice of appeal to this court given; the trial court adjourned the same day. Jurisdiction of this court then attached. The motion for judgment nunc pro tunc was not filed in the lower court until April 28, 1924, and judgment entered the same day while the appeal was pending here. The effect of an appeal is to suspend and arrest all further proceedings in the case in the court in which the conviction was had pending the appeal, save only the right in the lower court to substitute lost or destroyed records. Article 916, C. O. P. The following cases construe said statute, and are direct authority against the power of the court to enter the judgment nunc pro tunc while the case was pending here. Estes v. State, 38 Tex. Cr. R. 506, 43 S. W. 982; Nichols v. State, 55 Tex. Cr. R. 211, 115 S. W. 1196; Hinman v. State, 54 Tex. Cr. R. 434, 113 S. W. 280; Quarles v. State, 37 Tex. Cr. R. 362, 39 S. W. 668; Sheegog v. State, 39 Tex. Cr R. 126, 44 S. W. 1109. As supporting the proposition that the court had authority to enter the judgment nunc pro tunc, we are cited to Bennett v. State, 80 Tex. Cr. R. 652, 194 S. W. 145, 148, and Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040. Neither are in point No order made in the lower court pending appeal was involved. Bennett had appealed his case, but the appeal had been dismissed; after jurisdiction was restored to the lower court by the dismissal of the appeal, an order was made at a subsequent term of the lower court correcting the judgment, and the state contested defendant's right to appeal from the amended judgment. In Coleman v. Zapp, supra, the question involved was the inherent right of the court to correct a judgment by a nunc pro tunc order at a subsequent term of the court. No appeal was pending when the correction order was made.

The nunc pro tunc judgment being unavailable to aid appellant in securing consideration of his bills of exception, the request for leave to file a second motion for rehearing is denied.