## CRISTOBAL ABREGO V. STATE.

No. 25,840. May 7, 1952.

Hon. G. V. Pardue, Judge Presiding.

*Trout & Jones,* by *Charles B. Jones,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for murder under Art. 802(c) of the Penal Code; the punishment, 5 years in the penitentiary.

The state's evidence shows that appellant was intoxicated and drove his Nash automobile on a public highway in Lubbock County; that while so doing he side-swiped a car driven by Mr. Robertson, then while still on his wrong side, crashed head-on into an automobile referred to in the testimony as "the Sheriff's

car" thereby causing the death of one of its occupants, B. F. Forrester, a deputy sheriff.

Appellant testified to having consumed only two small drinks of whiskey prior to the collision. An analysis of a specimen of his blood revealed the presence of 1.9 milligrams of alcohol per cubic centimeter or .19%.

There are three bills of exception.

Bill of Exception No. 1 relates to the admission of testimony concerning the analysis of a sample of blood and the results of such analysis, it being contended that the specimen analyzed was not shown to be the identical blood taken from appellant's body.

Police officer Stewart testified that he was present when the blood was taken from appellant and placed in the test tube which was identified and offered in evidence as Exhibit 3; that he kept the test tube in his possession until he mailed it to the Texas Department of Public Safety at Austin; that the tube was sealed in his presence; that the tube had yellow tape on the top and he identified it by this tape as well as by the writing on the outside of the tube. Police officer McInroe testified that he helped prepare the form and test tube which were sent to Austin, and sealed the tube. He identified Exhibit 3 as the tube he sealed and prepared for mailing. Mr. Chastain, chemist for the Texas Department of Public Safety, testified that he broke the seal on Exhibit 3 and made the analysis of the sample of blood contained therein after receiving the tube through the mail.

We are unable to agree that the trial court erred in permitting the witness Chastain to testify as to the results of the analysis upon the basis of the foregoing identification.

Bill of Exception No. 2 is directed to the same testimony, the objection being that the defendant had sustained such grievous injuries that he could not have given a valid consent at the time, and because the consent was not in writing.

We know of no rule of law requiring the consent to the taking of blood for analysis to be given in writing. We have held that the confession statute has no application. See Brown v. State, 156 Tex. Cr. R. 144, 240 S.W. (2) 310.

The trial court passed upon the question of whether or not appellant consented to taking of his blood for analysis and there is evidence to support his finding.

The grounds of objection stated in the bill is not a certificate of the trial judge that the facts which form the basis of the objection are true.

We are unable to agree that appellant was unable to give a valid consent because of the injuries he sustained in the collision.

Bill of Exception No. 3 complains of the overruling of appellant's motion for continuance in order to allow court-appointed attorneys more than two days in which to prepare for trial. The motion was one addressed to the discretion of the trial court and an abuse of such discretion is not shown.

The evidence being sufficient to sustain conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the court.