## KINGSTON TEALER v. STATE

No. 28,582. November 21, 1956.

630

*Oliver W. Johnson*, San Antonio, for appellant.

*Hubert W. Green, Jr.*, Criminal District Attorney, *Morris Riley Edwards*, Assistant Criminal District Attorney, San Antonio, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Upon a trial before the court, under a plea of not guilty, appellant was found guilty and assessed the minimum punishment for the offense of driving a motor vehicle upon a public highway while intoxicated.

The arresting officer testified that at about 9:42 P.M. he followed the car which appellant was driving for the purpose of having him turn on his lights, and in doing so he observed that the car was weaving on the street and narrowly missed hitting several other cars; that appellant was alone; that he staggered as he got out of the car on the driver's side, after he stopped the car.

Having described his appearance and demeanor and the odor of his breath, the arresting officer testified that appellant was, in his opinion, intoxicated.

A fellow officer who saw appellant when he was brought to jail and gave him a drunkometer test also described his appearance and expressed the opinion that he was intoxicated, based upon his appearance without regard to the results of the drunkometer test. He also testified that the results of the test showed "point twenty-two and a half percentage of alcohol—in the blood," which indicated intoxication.

Another officer testified that there was but one person in the car and identified appellant as the driver. He also described appellant's appearance, mode of speech, manner of walking and odor of his breath at the time of the arrest, and expressed the opinion that he was intoxicated.

Appellant, testifying as a witness in his own behalf, denied that he was driving the car on the occasion in question or that he was intoxicated, and his testimony was corroborated by his brother. Their theory was that they had each consumed but two bottles of beer and that the brother was driving the car, but had disappeared into the rest room before the arresting officer arrived.

The court, as the trier of the facts in the non-jury trial, resolved the disputed issues against appellant's contention and chose to accept the officers' version. The evidence is deemed sufficient to sustain the court's findings,

Appellant complains of the admission of testimony as to the results of the drunkometer test.

The record shows that appellant agreed to the test and in fact he testified that he did so, his purpose being to prove that he was not drunk, as the officers thought.

There was no error in the admission of the testimony as to the results of the test over the objection that appellant's consent was not in writing. Abrego v. State, 157 Tex. Cr. R. 264, 248 S. W. 2d 490.

The other objection, namely that the witness was not a chemist, was not made until after all of the testimony had been admitted and the witness cross-examined at length. We need not therefore pass upon the qualifications of the witness to testify to the results of the test.

Reversible error is not shown in the admission of this testimony for another reason. There was ample evidence to sustain the court's judgment outside of the results of the test and, the trial being before the court, we are to assume that he considered only the admissible evidence. Arnold v. State, 161 Tex. Cr. R. 346, 277 S. W. 2d 106.

We deem it proper to direct attention to the contention of the state that appellant's informal bills of exception raising the

above decided questions cannot be considered because not indexed.

Sec. 3 of Art. 759a, V.A.C.C.P., which provided for an index to be prepared as a part of the Q. and A. Statement of Facts, was repealed by Acts of the 54th Legislature, p. 486 Ch. 139, Sec. 2.

Since the effective date of the repeal of said section (April 30, 1955) the decisions thereunder, such as Weaver v. State, 158 Tex. Cr. R. 228, 254 S. W. 2d 390, and Greenwood v. State, 157 Tex. Cr. R. 58, 246 S. W. 2d 191, are no longer a bar to the consideration of informal bills not indexed.

The evidence sustains the conviction and we find no reversible error.

The judgment is affirmed.