GARVIN ALEXANDER MALONE V. STATE

No. 28,593. November 28, 1956.
Appellant's Motion for Rehearing Overruled.
January 23, 1957

184

*Charles H. Stevenson, Jr.* and *Walter Groce,* Corpus Christi, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for driving while intoxicated; the punishment, 3 days in jail and a fine of $50.

The trial was before the court without intervention of a jury on a plea of not guilty.

The testimony of two city policemen of the city of Corpus Christi shows that the appellant was operating an automobile while intoxicated upon a public highway as charged.

Appellant, testifying in his own behalf, denied that he was intoxicated but admitted that he had drunk two bottles of beer about an hour before his arrest which he stated did not affect him and further testified that he was driving the automobile at the time and place alleged. He called several witnesses who testified that they saw him about the time in question and expressed the opinion that he was not intoxicated.

Appellant complains of the trial court permitting Police Officer Wilson to testify over his objection to a conversation between him and the appellant while they were waiting at the scene for a patrol car and a wrecker on the ground that the appellant was at such time under arrest. In the conversation Wilson testified that the appellant told him that he wanted to make a deal with him because "he had been picked up before."

It is undisputed that the appellant was driving his automobile upon a public highway at the time and place charged.

Police Officers Wilson and Dunman each testified that they saw the appellant immediately after he had stopped his automobile, observed him walk and heard him talk, smelled the odor of alcohol on his breath, and expressed the opinion that he was intoxicated.

From the officers' testimony it is seen that there was sufficient competent testimony introduced in evidence, excluding the conversation complained of, to sustain the conviction. The trial being before the court without a jury we need not determine the admissibility of the conversation but must ascertain whether the court considered such conversation in arriving at his decision.

Under a similar state of facts in Arnold v. State, 161 Texas Cr. Rep. 344, 277 S.W. 2d 106, we said:

"When a cause is tried before the court and there is nothing to show that the judgment was based upon the inadmissible evidence (such as by findings or conclusions of fact or law) it will be presumed that the trial judge disregarded incompetent evidence at the trial and the judgment will not be reversed on appeal on the ground of the admission of incompetent evidence if sufficient proper evidence was admitted to sustain the judgment."

See also Tealer v. State, No. 28,582, 163 Texas Cr. Rep. 629, 296 S.W. (2d) 260.

We find nothing in the record which shows that the trial court considered the conversation complained of in arriving at his decision upon which the judgment is based.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

Appellant takes issue with the correctness of our original opinion and points to several rulings of the court which he contends show that the court actually did consider the evidence of Officer Wilson concerning his conversation with the appellant following the arrest.

A re-examination of the record has caused us to conclude that such evidence was admissible. Before Officer Wilson gave the testimony complained of, the appellant had testified that one of the arresting officers had put him in "the patrol car and sat down beside me and asked me how much it would be worth to me if he did not take me in * * *."

This testimony on the part of the appellant opened up the subject of their conversation and authorized the state to introduce the testimony of Wilson set forth originally in rebuttal.

We have concluded that the omission of the word "by" preceding the name of the affiant does not vitiate the jurat.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.