IVORY SLATER V. STATE

No. 31,817. March 30, 1960
Motion for Rehearing Overruled May 18, 1960
Second Motion for Rehearing Overruled June 15, 1960

588

*King C. Haynie,* Houston, on appeal only, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., F. Lee Duggan, Jr.,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin for the state.

BELCHER, Judge

The conviction is for the unlawful possession of policy paraphernalia upon a trial before the court without a jury; the punishment, 60 days in jail.

While Officers Cubstead and Harmon were executing a search warrant the appellant entered the house, and walked to the door of the room where the officers were searching. Appellant was carrying two small bags, he spoke to Cubstead and then ran up the hall and into the front room. Cubstead followed him into the room and saw a twelve-year-old girl leaving the house with a small bag in her hand. He took the bag from the girl and looking in it found it contained numerous policy slips and plays. Officer Cubstead testified that in the presence of the appellant, Ivory Slater: "I said (to the girl) where did you get the stuff, from Ivory, and she said yes." He further testified that the bag he took from the girl appeared to be the same bag that the appellant had in his hand when he came to the door and then ran to the front room.

Testimony was offered that the policy slips and plays were designed and adaptable for use in a policy game; and that they were not possessed by the appellant for evidence purposes.

Appellant did not testify or offer any evidence in his behalf.

Appellant contends that the court erred in permitting Officer Cubstead to testify to the above quoted statement of the girl over

appellant's objection to the question asked the girl and her reply thereto, because such testimony was hearsay and not binding on the appellant.

This occurred immediately after Officer Cubstead pursued the appellant who was carrying the bags to the front room and after he (Officer Cubstead) took a bag, which appeared to be the same as one appellant was carrying, from the girl in the presence of the appellant. The evidence was admissible as res gestae hence no error is shown. Broussard v. State, 165 Tex. Cr. Rep. 224, 312 S.W. 2d 664.

The evidence is sufficient to support the conviction and no reversible error appearing the judgment is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge

Appellant urges that the 12-year-old girl's statement testified to by Officer Cubstead was not admissible as res gestae because it was prompted by a question which suggested the answer.

The admission of the testimony regarding the girl's statement, if error, is not such error as to call for reversal.

Trial was before the court without a jury. The presumption is that, if not admissible, the trial judge did not consider the evidence. There is sufficient evidence without the statement to sustain the judgment.

Also, there was no objection to the girl's statement on the ground that her answer was prompted by a question which suggested the answer, and no motion to withdraw the statement upon said ground.

Appellant's motion for rehearing is overruled.