**Marglet JOHNSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36637.**

Court of Criminal Appeals of Texas.

Feb. 26, 1964.

Rehearing Denied March 25, 1964.

Second Motion for Rehearing Denied May 6, 1964.

Paul W. Anderson, Marshall, for appellant.

Leon Douglas, State's Atty., Austin, for the State.

MORRISON, Judge

The offense is the possession of untaxed whiskey; the punishment, ten days in jail and a fine of $150.00.

No statement of facts accompanies the record.

Three formal bills of exception appear in the transcript, but there is no showing that they were filed in the trial court within the 90 days provided by Article 760d, Vernon's Ann.C.C.P., and therefore cannot be considered.

No reversible error appearing, the judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

It is now made to appear that the bills of exception referred to in our original opinion were filed in the trial court on December 5, 1963, and notice of appeal was given on October 30, 1963.

Bill No. 1 complains that the state failed to introduce competent, positive and unequivocal evidence that the liquid offered in evidence was an alcoholic beverage as contemplated by Art. 666–3a, Vernon's Ann. P.C.

Bills 2 and 3 relate to the form of the affidavit for search warrant and the admission in evidence of the fruits of the search.

The motion for rehearing presents interesting questions regarding certification of error in ruling upon the admissibility of evidence in a trial before the court. We note, however, that the information alleged the possession of whisky in a container which had no tax stamp and no evidence affixed showing payment of tax to the state and the appellant pleaded guilty to the charge in the information before the court.

■ This being a misdemeanor case, the state was not required to introduce any evidence and the presumption is that in arriving at his judgment the court did not consider any evidence improperly admitted. See Arnold v. State, 161 Tex.Cr.R. 344, 277 S.W.2d 106; Tealer v. State, 163 Tex.Cr.R. 629, 296 S.W.2d 260; Slater v. State, 169 Tex.Cr.R. 587, 336 S.W.2d 167.

■ In the absence of any showing that the evidence introduced showed as a matter of law that the defendant was not guilty as charged, the court's judgment upon the defendant's plea of guilty will not be disturbed.

Appellant's motion for rehearing is overruled.

## APPELLANT'S SECOND MOTION FOR REHEARING

McDONALD, Judge.

■ Since the delivery of our opinion on appellant's motion for rehearing a corrected judgment together with an affidavit signed by the trial judge in support thereof, dated subsequent to the perfection of this appeal, has been forwarded to this court reflecting that appellant in fact entered a plea of not guilty instead of a guilty plea. Until this appeal has become final, the trial court is without authority to correct the judgment which forms a part of the record on appeal. Art. 772, Vernon's Ann.C.C.P.; Parker v. State, 169 Tex.Cr.R. 583, 336 S.W.2d 431; see also Fitch v. State, Tex.Cr.App., 378 S.W.2d 313. Under the authorities cited, the corrected judgment will not be considered.

■ Appellant's motion for rehearing is overruled without prejudice to his right to secure, if he can, the entry of a judgment nunc pro tunc by the trial court from which he might again appeal to this Court. Parker v. State, 170 Tex.Cr.R. 570, 342 S.W.2d 764.