**Edward Atwell FITCH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36697.**

Court of Criminal Appeals of Texas.

March 25, 1964.

Rehearing Denied April 29, 1964.

**314**

Wm. J. Kershner, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is unlawfully carrying on and about the person a pistol.

Trial was before the court on a plea of guilty and judgment was rendered which recites: "The Court having heard the information read and evidence submitted, finds the defendant guilty of unlawfully carrying a pistol, a misdemeanor, and assesses the punishment at a fine of $175.00."

The record contains no statement of facts and no bills of exception other than what is designated as "Bystanders Bill' which was presented to the trial judge and ordered filed more than five months after notice of appeal was given.

The "Bystanders Bill" purports to set out the evidence of the state which showed that the appellant was found asleep in his automobile parked on the side of a road and a .45 caliber automatic pistol was found in a bag on the front right floor board of the car. It also purports to show testimony offered by the appellant and in his behalf which, appellant argued, showed that he was a traveler on a journey from Dickinson to San Leon, which exempted him from the Pistol Carrying statute, and that he was carrying the pistol for the purpose of target practicing on the offshore islands of Galveston Bay when the fishing became dull, which he contends was a defense.

There is nothing in the record to support the claim that the trial court did not have a court reporter present and available at the trial to report the testimony adduced, or to support the claim that the court refused to approve the defendant's statement of facts.

In view of the foregoing and of appellant's plea of guilty before the court, and his failure to withdraw or have the court change his plea of guilty to "not guilty", we need not decide whether the Bystanders Bill may be considered as a substitute for a statement of facts. The evidence shown in the Bystanders Bill does not show as a matter of law that the appellant had the lawful right to carry the pistol.

No error appearing, the judgment is affirmed.

## ON APPELLANT'S MOTION
## FOR REHEARING

MORRISON, Judge.

Appellant, in addition to moving for a rehearing, has made application to this Court for a writ of certiorari directed to the trial court requiring him to forward to this Court a corrected transcript showing that appellant in fact entered a plea of not guilty instead of a guilty plea. The trial court is powerless to enter any such order while this case is on appeal in this Court, and hence, we would be without authority to grant the writ. Parker v. State, 169 Tex. Cr.R. 583, 336 S.W.2d 431.

Appellant's motion for rehearing is overruled without prejudice to his right to secure, if he can, the entry of a judgment nunc pro tunc by the trial court from which he might again appeal to this Court. Parker v. State, 170 Tex.Cr.R. 570, 342 S.W.2d 764.