Edgar Eugene HUNTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 36292.

Court of Criminal Appeals of Texas.

April 15, 1964.

J. Q. Warnick, Jr., Lubbock (on appeal only), William J. Gillespie, Lubbock (on appeal only), for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## McDONALD, Judge.

The offense is engaging as a dealer in securities without being registered as a dealer; the punishment, two years in the state penitentiary and a $1,000.00 fine.

It appears from the transcript originally filed in this Court that the verdict and the charge of the court were filed March 15, 1962 and the judgment was filed "(issued)" May 6, 1963 but dated February 15, 1963; that the sentence was filed May 5, 1963, one day prior to the filing of the judgment, but dated February 15, 1963. Notice of appeal and recognizance are dated March 23, 1963. From the statement of facts it is observed that the trial was had on March 15, 1963.

To follow the filed dates on the judgment and sentence will require a dismissal of this cause as it is reflected that the sentence is not based on a valid judgment. If we follow the dates of February 15, 1963, on the judgment and sentence, a dismissal will again be necessary as the judgment and sentence would have been entered a month prior to the actual trial of this cause.

An attempt to correct said transcript originally filed, through an order nunc pro tunc, was ineffective. Until the appeal has become final, the trial court is without authority to correct the judgment and minutes of the court which form a part of the record on appeal. Parker v. State, Tex.Cr.App., 336 S.W.2d 431 and cases cited therein; 5 Tex.Jur.2d, p. 157 Sec. 96.

Thus the supplemental transcript will not be considered, and due to the discrepancies in the record this appeal is dismissed.