**Corbet Loyd DOWDY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 37379.

Court of Criminal Appeals of Texas.

Dec. 16, 1964.

Rehearing Denied Jan. 27, 1965.

----♦----

O. H. Harris, Dallas, for appellant.

Henry Wade, Dist. Atty., Don Koons, Howard Weinberger, Ross Teter and C. M. Turlington, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is drunk driving; the punishment, 15 days in jail and a fine of $75.

The issue of whether the appellant was intoxicated was closely contested, the state relying upon the testimony of two police officers who formed and expressed the opinion that appellant was "very intoxicated."

The appellant, a truck driver with an impediment by reason of an injury to his knee, and a passenger in his car, testified that appellant was sober.

A .45 caliber pistol was found in the glove compartment of the car. Evidence of such fact was admissible. Ross v. State, 169 Tex.Cr.R. 313, 334 S.W.2d 174.

The state went further, however, and injected the fact that a case was pending against appellant for unlawfully carrying the pistol. Also, the appellant, who had testified as to the pistol being in the glove compartment, was asked on cross-examination: "Have you ever had any trouble before—carrying a concealed weapon?" and " * * * weren't you arrested for carrying a concealed weapon on July 3rd of 1957?" " * * * How about 1954 * * * for the same thing." All of these questions were answered in the negative.

Aside from the fact that no conviction was shown, arrests for carrying a pistol, misdemeanor offenses not involving moral turpitude, were not admissible for impeachment of appellant's testimony (also elicited by the state) that he did not think it was illegal to have the pistol in the car.

The prejudicial effect of the questions was emphasized in the argument complained of by formal bill of exception where, in answer to argument of appellant's counsel to the effect that the state was trying to make a criminal out of the defendant, counsel for the state said "that might not be too difficult to do."

The errors mentioned were prejudicial; deprived the appellant of a fair trial for the offense for which he was on trial, and require reversal.

The judgment is reversed and the cause is remanded.