**William V. MORGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38512.**

Court of Criminal Appeals of Texas.

Nov. 10, 1965.

E. A. Cade (on appeal), Dallas, for appellant.

Henry Wade, Dist. Atty., W. John Allison, Jr., Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is drunk driving; the punishment, ten days in jail and a fine of $50.

Trial was before the court on a plea of not guilty.

Testimony of Patrolman B. J. Clark, the arresting officer, was to the effect that he observed a motor vehicle traveling at a high rate of speed through an intersection; that he pursued the vehicle which he clocked at speeds exceeding 100 miles per hour and finally stopped it.

Appellant was identified as the driver of said vehicle.

Patrolman Clark and two other officers who observed appellant after he was stopped testified as to appellant's appearance and the odor of alcohol on his breath and expressed the opinion that he was intoxicated.

Kirby Dale Ballard, who was riding with appellant, testified that he had borrowed the car but he did not drive it because he was too drunk. He testified that appellant drank about six bottles of beer, but expressed the opinion that appellant was not intoxicated.

As a witness in his own behalf, appellant admitted having drunk 5 or 6 bottles of beer while he was in company with Ballard, but denied that he was intoxicated.

The trial judge resolved the issue against appellant and the evidence is sufficient to sustain his findings.

The sole ground relied upon for reversal is the claimed error of the court in admitting into evidence testimony of the arresting officer B. J. Clark as to an extraneous offense in that the witness was permitted to testify that the reason the

officers handcuffed appellant was: "We found a pistol under the driver's seat of the car."

It is the rule that in a trial before the court there is a presumption that the court disregarded all inadmissible evidence. Tealer v. State, 163 Tex.Cr.R. 629, 296 S.W. 2d 260; Slater v. State, 169 Tex.Cr.R. 587, 336 S.W.2d 167; Johnson v. State, Tex. Cr.App., 378 S.W.2d 334.

Be this as it may, the testimony as to the finding of a pistol under the driver's seat was admissible. Riojas v. State, 102 Tex.Cr.R. 460, 277 S.W. 696; Ross v. State, 169 Tex.Cr.R. 313, 334 S.W.2d 174; Yaffar v. State, 171 Tex.Cr.R. 341, 349 S.W.2d 730, and cases cited; Beeler v. State, Tex. Cr.App., 374 S.W.2d 237 (cert. denied); Dowdy v. State, Tex.Cr.App., 385 S.W.2d 678.

The judgment is affirmed.