**Louise CARTER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39121.**

Court of Criminal Appeals of Texas.

Feb. 16, 1966.

Rehearing Denied April 6, 1966.

Leland D. Sutton, Abilene (On Appeal Only), for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is the unlawful possession of whisky in a dry area for the purpose of sale; the punishment assessed by the court on a plea of guilty, a fine of $100.

Appellant filed a motion for new trial, the sole ground being that "the judgment of conviction is not supported by the evidence and is contrary to the laws made and provided in such cases."

■ Upon a plea of guilty in a misdemeanor case the defendant may waive a jury and the punishment may be assessed by the court, either upon or without evidence, at the discretion of the court. Art. 518 Vernon's Ann.C.C.P.; Parker v. State, 169 Tex.Cr.R. 583, 336 S.W.2d 431; Wil-

liams v. State, Tex.Cr.App., 274 S.W.2d 548.

■ Appellant concedes that in view of Art. 518 V.A.C.C.P. no evidence was required to support the conviction. It is contended, however, that the evidence adduced at the hearing on her motion for new trial shows that she did not in fact possess whisky, and that if she did actually possess any alcoholic beverage at all, it was beer.

There is neither contention nor evidence in the record to suggest that appellant's plea of guilty was in any way coerced. Also, we do not regard the testimony of the sheriff at the hearing on motion for new trial as requiring a finding by the trial court that appellant did not in fact possess whisky. He testified that he signed the complaint and that he did not seize any whisky but did seize beer. This was not proof that appellant did not in fact possess whisky, as she confessed by her plea of guilty.

The judgment is affirmed.