**Leon LAWRENCE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41591.**

Court of Criminal Appeals of Texas.

Nov. 27, 1968.

R. Caven Crosnoe, Wichita Falls (Court appointed) for appellant.

Stanley C. Kirk, Dist. Atty., Z. D. Allen, Asst. Dist. Atty., Wichita Falls, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

This is a conviction for burglary of a coin operated machine with a prior conviction for burglary alleged for enhancement. The punishment was assessed at five years.

The evidence of the state, on the issue of guilt or innocence, reveals that the appellant committed the primary offense alleged; and that he had been previously convicted of burglary on July 29, 1964.

Testifying as a witness in his own behalf on the issue of guilt or innocence, the appellant denied committing the primary offense of burglary, but admitted that he had been previously committed and served time for burglary.

Upon cross-examination of the appellant, he testified that on June 29, 1964, he committed the offense of burglary of the house of Ralph Davis for which he was convicted

on July 29, 1964. Next, the state went further on cross-examination of the appellant and injected testimony showing that he had burglarized a house belonging to James Thompson and stole a "bunch" of brass and copper.

The appellant objected to the testimony showing the burglary of the Thompson house after July 29, 1964, for the reason that it was improper and had nothing to do with this case, and there was no evidence that he had been convicted of the Thompson burglary.

There is no evidence in the record that the appellant had been convicted of the Thompson burglary.

The proof of the commission by the appellant of the extraneous offense of burglary of the Thompson house for which he had not been finally convicted was prejudicial, deprived the appellant of a fair trial in this case, and requires a reversal. Texas Practice, McCormick and Ray, Evidence, 2nd Ed. Secs. 657–659; Dowdy v. State, Tex.Cr.App., 385 S.W.2d 678.

The judgment is reversed and the cause is remanded.