Ramon Varela GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 42005.

Court of Criminal Appeals of Texas.

April 30, 1969.

Mauro Rosas, El Paso, for appellant.

Barton Boling, Dist. Atty., Edward S. Marquez, Asst. Dist. Atty., El Paso, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for possessing marihuana; the punishment, two years.

The record reflects that Robert G. Taylor, a patrolman of the Texas Department of Public Safety, stopped an automobile in which Garcia was a passenger. It was being operated by Lyndon McDaniels on Moon Road, near El Paso, at night with only one lighted headlamp. He saw that McDaniels was definitely intoxicated, and Garcia appeared to be a little intoxicated. Since Patrolman Taylor was by himself, both McDaniels and Garcia were asked to stand in front so that he could search the automobile. He found a package under a blanket near the middle of the front seat which contained what appeared to be and was later ascertained to be marihuana.

Appellant's confession was introduced without objection. It recited that he went to Juarez and gave a man three dollars for some marihuana; that he later picked it up at a designated spot near a stop sign, and a week later he had it with him in the automobile where the officer found it.

In the first ground of error, it is contended that the arrest and subsequent search were illegal. Sections 109(a) and 110(a) of Article 6701d, Vernon's Ann.Civ.St., the Uniform Act Regulating Traffic on Highways, makes it a penal offense for one to operate an automobile at night without two lighted headlamps. Section 153 of Article 6701d, R.C.S., authorizes a peace officer to arrest any person found violating any of the provisions of the Act.

The trial court had before it sufficient evidence to conclude that the arrest and subsequent search were legal. Hobbs v. State, Tex.Cr.App., 407 S.W.2d 791; Morgan v. State, Tex.Cr.App., 395 S.W.2d 644; Dowdy v. State, Tex.Cr.App., 385 S.W.2d 678.

In the second and third grounds of error it is contended that the confession of appellant was made after the arrest, and the proper warnings under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, were not given and the confession was inadmissible as a matter of law.

Frank Korte, a deputy sheriff, testified that no force, threats or promises were made to obtain the statement of appellant. The warning which was read to the appellant appeared on the face of the statement and was sufficient under Miranda.

When the statement was offered into evidence, appellant's counsel said, "No objection, Your Honor." The record shows that after a hearing outside the presence of the jury to determine the voluntariness of the confession was held, the trial court found that the confession was taken under proper circumstances after appellant had been properly warned. No issue concerning the voluntariness of the confession or

waiver of counsel was made during the trial. There was sufficient evidence for the trial court to hold as a matter of fact and of law that the confession was voluntary and counsel was waived. No issue thereon was submitted to the jury and none was requested. Appellant was apparently satisfied with the ruling of the trial court at the time. Barnett v. State, Tex.Cr.App. (No. 41,876, Delivered February 19, 1969). See Smith v. State, 439 S.W.2d 834 (Delivered April 23, 1969).

No error is shown; the judgment is affirmed.

MORRISON, Judge (concurring).

I concur in the affirmance of this conviction but not upon the grounds stated by my brother DOUGLAS concerning the search of the automobile. The trial court qualified appellant's formal Bill of Exception and the record reflects that when the marijuana was offered in evidence no objection was interposed.

It is axiomatic that when evidence is offered without objection any error as to its admissibility is waived. Spencer v. State, Tex.Cr.App., 438 S.W.2d 109.