**W.J. WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0125–CR.**

Court of Appeals of Texas,
Tyler.

Dec. 9, 1982.

J.R. Musslewhite, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

McKAY, Justice.

This is an appeal from a conviction for aggravated robbery. After the jury returned a guilty verdict, the court assessed appellant's punishment at confinement for life. The sufficiency of the evidence is not challenged.

In his first ground of error, appellant asserts the prosecutor committed fundamental error in his opening statement to the jury, by stating that he expected to prove a fact which he subsequently did not attempt to prove. The prosecutor's statement was: "I believe the evidence will further show that he (appellant) shot at him (complainant) again *in an attempt to kill him* ..." (Emphasis added.) Appellant's specific complaint is that the State never proved that the second shot was fired *in an attempt to kill* the complaining witness. Appellant cites no authority for this proposition.

The record reflects that appellant forced his way into the complainant's house, and after demanding Mr. Bogs' money, fired his first pistol shot at very close range. Bogs threw up his hand to fend off the bullet, which passed through his thumb and into his chest. As appellant took aim for his

second shot, Bogs hit his hand, and the bullet passed harmlessly into the ceiling.

Appellant's contention must fall for two reasons. First, a pistol is a deadly weapon per se, *Williams v. State,* 567 S.W.2d 507, 509 (Tex.Cr.App.1978), and its use by a defendant raises a presumption of defendant's intent to kill. *Foster v. State,* 639 S.W.2d 691, 695 (Tex.Cr.App.1982); *Williams, supra.* Secondly, this precise contention was decided adversely to appellant in *Marini v. State,* 593 S.W.2d 709, 715 (Tex.Cr.App. 1980), wherein the court stated:

> ... [I]t is urged that reversible error was committed by allowing the prosecutor to state his belief that the evidence would show that a conversation with David Colerider led police to the recovery of ... the murder weapon in this case. The State did not attempt to introduce evidence of this transaction during trial.

Article 36.01, V.A.C.C.P., provides in part:

> 3. The State's attorney shall state to the jury the nature of the accusation and the facts *which are expected to be proved* by the State in support thereof.

A preliminary statement of what the State expects to be proved is proper. No error has been shown ... (Emphasis added.)

Appellant's first ground is overruled.

■ In his second ground of error, appellant asserts fundamental error in the charge to the jury at the guilt-innocence stage of the trial because the name of the complaining witness was stated in the charge as "Amos C. Boggs," whereas the name alleged in the indictment and shown by proof at trial was "Amos C. Bogs." Appellant contends that the submission of the charge to the jury in this manner was so confusing and misleading as to deprive him of a fair trial. We find this contention utterly devoid of merit.

Under art. 36.19, Tex.Code Crim.Pro.Ann. (Vernon 1981), where appellant fails to object to an alleged defect in the charge at trial, "the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." It is stated in *Harris v. State,* 522 S.W.2d 199 (Tex.Cr.App.1975) at p. 201:

> This Court has consistently held that where no objection is made to the court's charge in accordance with Article 36.14, Vernon's Ann.C.C.P., a judgment will not be reversed on appeal because of error in the charge unless it appears that he has not had a fair and impartial trial. Article 36.19, V.A.C.C.P.; *Peterson v. State,* Tex.Cr.App., 508 S.W.2d 844; *Jefferson v. State,* Tex.Cr.App., 487 S.W.2d 331; *Fennell v. State,* Tex.Cr.App., 424 S.W.2d 631."

See also *White v. State,* 610 S.W.2d 504, 507 (Tex.Cr.App.1981); *Boles v. State,* 598 S.W.2d 274, 278 (Tex.Cr.App.1980). As the State points out in its brief, the jury could not possibly have been misled by the error, because they never knew the correct spelling of the name from the evidence, and because there was no other witness at trial whose name remotely resembled that of complainant in either pronunciation or spelling. We hold that the error could not have prejudiced appellant's rights in any manner, and therefore overrule his second ground of error.

■ In his final ground, appellant complains of the action of the trial court in allowing him to interrupt his counsel and briefly question a witness without a warning of "the dangers and disadvantages of self representation." This action, appellant contends, constituted fundamental error "by denying appellant effective assistance of counsel." We find no merit in this contention.

The incident at issue occurred during the punishment phase of the trial, which took place before the court without a jury at appellant's request. The witness, Mary Weirich, testified on direct examination that appellant's reputation in the community as a peaceful and law-abiding citizen was bad. On cross-examination by appellant's counsel, Weirich volunteered that appellant

had robbed her store. Objection to this statement was made by appellant's counsel and sustained. The following then took place:

THE DEFENDANT: I want to ask her a question.

THE COURT: Go ahead.

MR. WHITE: Mrs. Weirich, what did you ever see me do?

MRS. WEIRICH: You robbed my grocery store. I could say a lot more if the Judge permits it.

MR. WHITE: And I could ask a whole bunch of questions.

MR. ROBERTSON: I don't have any further questions. He doesn't either.

THE DEFENDANT: I have a lot more questions, Judge.

MRS. WEIRICH: And I would answer all of them.

THE COURT: Let's continue.

We do not approve of the procedure here employed by the trial court. A defendant, when represented by counsel, should not so lightly be allowed to usurp the functions which counsel is appointed to perform. The record reflects nothing to indicate that appellant's counsel had failed or refused to develop facts related to him by appellant. Furthermore, we find that if any error occurred, it was invited by appellant's conduct. A defendant may not create reversible error by his own manipulation. *Beasley v. State,* 634 S.W.2d 320, 321 (Tex.Cr.App. 1982).

Additionally, we hold that if any error was committed by the trial court, such error was harmless. In a trial before the court, it is presumed the court disregarded any inadmissible evidence admitted at trial, and based its findings and judgment only upon admissible evidence. *Keen v. State,* 626 S.W.2d 309, 314 (Tex.Cr.App.1981); *Ex parte LeBlanc,* 615 S.W.2d 724, 726 (Tex.Cr. App.1981); *Tealer v. State,* 163 Tex.Cr.R. 629, 296 S.W.2d 260, 261 (1956). The record reflects the trial court properly had before it ample evidence to support its sentence in the instant case. At the time appellant committed the offense charged in the instant case, he was serving three ten-year probated sentences for burglary of a habitation with intent to commit theft (all three offenses having been committed on Christmas Day, 1976). Appellant had been on probation a little over two and one-half years when the present offense was committed. After the imposition of probation for the previous offenses, but prior to the commission of the present offense, appellant was charged with yet another burglary. Additionally, the trial court had before it the facts set out above relating to the present offense. We find ample admissible evidence in the record to support appellant's life sentence, and his third ground of error is overruled.

The judgment is affirmed.